IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      :
     :     ID No. 1208001982
     :     In and for Kent County
     :
     v.     :
     :
GERALD A. LANDRY,      :
     :
     Defendant.      :
     :

## **ORDER**

On this 8th day of December, 2016, having reviewed the filings of Defendant Gerald Landry (hereinafter "Landry"), it appears that:

1. Landry moves for post-conviction relief pursuant to Superior Court Criminal Rule 61 seeking to set aside a conviction resulting from a guilty plea to four drug-related charges. Landry also seeks appointment of counsel to represent him for purposes of his post-conviction motion.

2. Landry pled guilty to the charges at issue on September 25, 2013. Thereafter, Landry moved to correct his sentence pursuant to Superior Court Criminal Rule 35(a) on January 29, 2015, arguing that his sentencing on multiple drug related offenses violated his right against double jeopardy. When the Superior Court denied the motion for correction of sentence, Landry appealed the denial to the Delaware Supreme Court. The Supreme Court reversed this Court's denial of the motion and ordered the Superior Court to merge his sentences for Aggravated Possession Tier 5 and Drug Dealing Tier 4, with direction that Landry be sentenced to eight unsuspended years at Level V to match the parties original plea agreement. On March 4, 2016, the Superior Court accordingly modified Landry's sentence to reflect the direction of the Supreme Court

on remand.

3. The instant motion is controlled by Superior Court Criminal Rule 61(e)(2), since Landry seeks to set aside his conviction based on a guilty plea. The 2014 version of the Rule applies, and it provides in relevant part, that the Court

> may appoint counsel . . . if the judge determines that: . . . (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel **in relation to the plea of guilty** . . . and (iv) specific exceptional circumstances warrant the appointment of counsel.[1]

4. Here, Landry's motion meets neither of the above-mentioned criteria for appointment of counsel. Namely, other than the portion of his post-conviction motion addressing the double-jeopardy issue, which is now moot after his direct appeal, he makes only vague, unsubstantiated allegations of ineffective assistance of counsel during pre-trial motion practice and pre-trial discovery. He alleges nothing of substance that could lead the Court to find that his guilty plea was not knowing or voluntary. Rather, he expresses dissatisfaction with the outcome of pre-trial matters involving his counsel. Furthermore, nothing in his filings lead the Court to conclude that there are specific exceptional circumstances warranting the appointment of counsel.

5. Finally, "[i]f it plainly appears from the motion of post conviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal . . . ."[2] The Court, after reviewing Landry's motion and the record, concludes that on the motion's face, it does not substantiate any basis for relief.

---

[1] Super. Ct. Crim. R. 61(e)(2)(effective June 4, 2014) (emphasis added).

[2] Super. Ct. Crim. R. 61(d)(5).

WHEREFORE, Defendant's Motions for Appointment of Counsel and for Post-Conviction Relief are DENIED.

**IT IS SO ORDERED.**


/s/Jeffrey J Clark
Judge